CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 8 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROSETTA LEE BLACKBURN,<br>    Plaintiff, | )<br>)<br>)   Civil Action No. 7:07cv00424 |
| v. | )<br>) |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY<br>    Defendant. | )<br>)   By: Hon. Michael F. Urbanski<br>)   United States Magistrate Judge<br>) |

## MEMORANDUM OPINION

Plaintiff, Rosetta Lee Blackburn ("Blackburn"), brought this action for review of the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83. The parties have consented to the court's jurisdiction and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case must be reversed and remanded for further administrative proceedings.

Reversal and remand is appropriate for two reasons. First, the Administrative Law Judge ("ALJ") relied upon an incomplete hypothetical in determining Blackburn's Residual Functioning Capacity ("RFC") that did not account for all of Blackburn's limitations. Second, the ALJ did not properly provide reasons for finding that Blackburn's testimony regarding the effects of her pain were not entirely credible.

### I.

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d

171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. Id. Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the RFC,[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II.

Blackburn was 30 years old at the claimed onset date of July 27, 2001 (Administrative Record ("R.") at 41, 288). Blackburn's previous jobs were as an office assistant and in

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g. pain). See 20 C.F.R. § 404.1529(a).

3

production in various factories. (R. 46). Blackburn alleges she is disabled because of chronic pain in her lower back and knees resulting from joint disease. (R. 45).

The ALJ held a hearing on September 12, 2006 and issued a written opinion on January 25, 2007. (R. 21, 283) The ALJ found that Blackburn suffers from severe impairments including degenerative joint disease, hypertension, obesity, and gastroesophageal reflux disease, but denied Blackburn's claim for benefits based on her age, education, work experience, and RFC. (R. 17, 19). The ALJ concluded that Blackburn could perform a limited range of sedentary work.[2] (R. 17). The ALJ found postural limitations including a sit/stand option with the need to change positions once every half hour; the occasional ability to climb, balance, crouch, stoop, and kneel; and the inability to walk or stand for more than three hours per day, climb, or crawl. (R. 18). Additionally, the ALJ found a non-exertional limitation of "inability to concentrate well while in pain." Id. The ALJ also found environmental limitations of avoiding "any exposure to cold temperatures, dampness, hazardous heights, and moving machinery." Id. The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on July 27, 2007, when the Appeals Council denied Blackburn's request for review. (R. 6-9). Blackburn then filed this action challenging the Commissioner's decision.

### III.

Blackburn argues that the ALJ asked the Vocational Expert ("VE") an incomplete hypothetical and erroneously relied upon the VE's answer to determine that Blackburn could

---

[2] Sedentary works requires exerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM

4

Case 7:07-cv-00424-mfu   Document 21   Filed 08/08/08   Page 4 of 7   Pageid#: 70

perform the requirements of occupations such as data examiner clerk, circulation clerk, and credit reference clerk. (R. 20). Specifically, Blackburn argues that the ALJ neglected to include Terry's mental limitation of inability to concentrate well while in pain. An ALJ must take into account all the specific limitations of a claimant when crafting a hypothetical question to a VE. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). Otherwise, the relevance and value of the VE's testimony is greatly diminished. Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2006) (quoting Walker, 889 F.2d at 50). Failure to consider all the claimant's functional limitations and then relying upon an incomplete hypothetical when reaching a judgment constitutes an error of law. Hancock v. Barnhart, 206 F. Supp. 2d 757, 767 (W.D. Va. 2002).

At the hearing, the ALJ solicited testimony from the VE regarding Blackburn's ability to perform the necessary functions of jobs available in the regional or national economy. (R. 309) The ALJ initially crafted a hypothetical for the VE that neglected to include Blackburn's mental limitation of inability to concentrate well while in pain. Id. In response to this hypothetical, the VE determined that three job descriptions were available, that of data examination clerk, circulation clerk, and credit reference clerk. (R. 309-10). Blackburn's attorney then reformulated the hypothetical to include Blackburn's limitations due to pain, asking "if someone could not stay on task more than five to ten minutes at a time before they were distracted due to pain, how would that affect the job base?" (R. 311-12). The VE testified that it would be "very difficult to be productive" in the jobs mentioned and that it "would take away the ability to work." (R. 312). The only additional limitation the VE relied upon to eliminate all three jobs was the mental limitation caused by the inability to concentrate well while in pain.

The ALJ erroneously relied upon the VE's testimony that Blackburn would be able to perform the duties of data examination clerk, circulation clerk, and credit reference clerk

5

because the ALJ asked an improper hypothetical that did not include all of Blackburn's limitations. Hancock, 206 F. Supp. 2d at 767 (ALJ's reliance on VE's findings that failed to account for specific functional limitations is error of law). The ALJ did not include Blackburn's inability to concentrate well while in pain in his initial hypothetical. (R. 309). The ALJ did, however, find that Blackburn's "mental limitations include an inability to concentrate while in pain" in his opinion. (R. 18). Consistent with this finding, Blackburn's attorney later modified the hypothetical to include Blackburn's mental limitation, but the ALJ relies only upon the initial hypothetical in his opinion. (R. 20, 311-12). As such, the testimony relied upon by the ALJ is of little relevance or assistance in making a judgment in this case. Johnson, 434 F.3d at 659 (quoting Walker, 889 F.2d at 50). The ALJ's reliance on the initial, incomplete hypothetical constitutes an error of law and necessitates remanding this case for further proceedings consistent with this opinion. Hancock, 206 F. Supp. 2d at 767.

### IV.

Additionally, the ALJ failed to properly consider Blackburn's credibility on how she experienced her pain. The ALJ found that Blackburn's impairments could be expected to produce the alleged symptoms, but Blackburn's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 19). Although the ALJ may use objective evidence to discredit a claimant's allegations of intensity and persistence of pain, the Social Security Regulations mandate that the ALJ must state "specific reasons for the finding on credibility" and that "[i]t is not sufficient for the [ALJ] to make a single, conclusory statement" regarding a claimant's credibility. Social Security Regulation (SSR) 96-7p. As such, the ALJ should include specific reasons for finding that

Blackburn's statements regarding the intensity, persistence and limiting effects of her symptoms "are not entirely credible." (R. 19).

## V.

At the end of the day, Blackburn may not be able to meet her burden of establishing that she is totally disabled. Indeed, there are no doctors' opinions stating that she is totally disabled. However, it is not the province of a reviewing court to make a disability decision. Rather, it is the court's role to determine whether the Commissioner's decision is supported by substantial evidence. Here, plainly, the Commissioner's decision is flawed as the hypothetical posed to the VE was inconsistent with factual findings made by the ALJ and the ALJ did not properly detail the reasons why he found Blackburn not to be credible as required by the regulations.

As such, this case must be reversed and remanded to the Commissioner for further administrative proceedings consistent with this opinion.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Enter this 8th day of August, 2008.

_____
Michael F. Urbanski
United States Magistrate Judge